NicholsoN, C. J.,
delivered the opinion of the Court.
On the 14th October, 1865, Thos. Martin bid off a lot of ground in Cornersville, sold by the Clerk and Master to satisfy the vendor’s lien. Martin was the vendor, and his bid was! $2,198, the amount of his lien, which was entered ns a satisfaction of his judgment, instead of giving ¿is note at one and two years for the purchase money, as required by the decree. The Olerk and Master reported the sale to the March Term, 1866, of the Chancery Court; but no Court having been held, the report was not confirmed until the September Term, 1866. ” Prom the date of the sale in October, 1865, until September, 1866, McClure either remained in possession or rented the property out; and the question raised by the bill, and answer is, whether Martin the purchaser, or McClure the debtor, was entitled to the rent of the lot from October, 1865, to' September, 1866.
*82 It is well settled in this State tbat a sale by a Clerk and Master is not complete, and does not vest the title in the purchaser until the report of sale is confirmed by the Court: 2 Meigs’ Dig., 1719-5. It follows that until the sale is confirmed, the purchaser is not entitled to possession. Houston v. Aycock, 5 Sneed, 412; Perkins v. Reed, 1 Swan, 80.
But this does not solve the difficulty in the case. It may be true that the purchaser gets no title by his bid, which gives him a right to possession before his bid is accepted and confirmed by the Court; but does it follow, that when his bid is confirmed, his title does not relate back to the date of his bid, so as to entitle him to the intermediate rents. The bid of the purchaser is but little more than a proposition to be submitted to the Court, to take the land at a specified price, on the terms prescribed in the decree of sale. The Clerk and Master is to report this proposition to the Court. It may be accepted or rejected within the sound discretion of the Court. Until his proposition is reported to the Court, no one else can bid for the land. The acceptance of his bid, therefore, by the Clerk and Master amounts to nothing more than a preference which he thereby secures to have his proposition first considered by the Court. There being no title, either legal or equitable in the bidder; but the title both legal and equitable continuing" in the debtor, there is no escape from the conclusion that the possession of the debtor is rightful, and his title to the rents complete, if there is nothing in the terms *83 of the sale, as contained in the decree, which controls the question of rents.
"Where the proposition of the bidder is accepted by the Court, his rights must depend upon the specifications in the decree which constitutes the evidence of the contract. If none of those specifications provide for securing to him the rent, between the day of sale and of the confirmation, then he can claim none. His proposition was, that he would take the land upon the terms specified in the decree, provided the Court should consent, and that upon such consent by the Court he should be entitled to the possession, and, consequently, to the rents from that time. Until the Court accepts the proposition and confirms the report, and divests the title out of the debtor, the title continues in the debtor, and the title of the purchaser only vests and commences when the Court makes its decree to that effect. It follows that upon the confirmation of the Master’s report there is no such retroactive effect as relates to the date of sale,' and gives to the purchaser the intermediate rents. It is admitted that in Maryland and Virginia a different rule prevails. In those States it is held that upon a decree of sale of land the title thereof vests in the Court, and when the Court, as one of the contracting parties confirms the sale and concurs in ratifying the inchoate purchase, the confirmation relates back to the sale, and the purchaser is entitled to everything he would have been entitled to if the confirmation and conveyance of title had beefi *84 contemporaneous with, tbe sale: 10 Leigh, 317; 6 Grill, 97. Tbe same authorities bold tbat, “where, after tbe sale, and before confirmation, tbe property is destroyed or materially injured by flood or fire, tbe loss must fall on tbe vendor.” It is difficult to see tbe principle of equity wbicb throws tbe loss by flood or fire on tbe vendor, and at tbe same time gives to tbe vendor, after confirmation, tbe rents from tbe sale to tbe confirmation. If tbe vendor has to take tbe risk between the sale and tbe confirmation, we can see no justice in charging him with rents. Tbe same authorities assign as a reason why tbe loss should fall on tbe vendor, tbat “ a purchase before tbe Master is not complete before confirmation of tbe report.” Yet, after confirmation, by a species of legal fiction, they bold tbat tbe confirmation has a retroactive operation, and by relation back to tbe date of sale, makes tbe vendor responsible for rents. We are not disposed to follow rules which seem to us to be inconsistent, as well as inequitable.
On tbe contrary, in tbe case of Perkins v. Reed, 1 Swan, 80, tbe rule is laid down as we have stated it. Tbe commissioners of tbe school land and common school fund in one of tbe school land districts in Bradley county, bad rented out tbe land for tbe year 1849, under tbe Act of 1841, c. 19.
In tbe year 1849, and after tbe land bad been so rented out; under tbe Act of 1844, c. 104, tbe citizens of tbe district voted to sell tbe land, and *85 tbe same was sold by tbe Clerk of tbe Circuit Court, according . to law, on tbe 18tb September, 1849. Tbe Clerk made bis report to tbe January Term, 1850, of tbe Circuit Court, when tbe same was confirmed.
Tbe question in tbe case was, wbo was entitled to tbe rent from tbe 19tb of September, 1849 — tbe date of tbe sale — to tbe 1st of January, 1850?
In giving bis opinion, Judge McKinney said: “Tbe sale by tbe Clerk in sucb case, is to be assimilated to sale by tbe Master, under a decree in Chancery. And in tbe latter case, tbe settled doctrine in tbis Court is, tbat tbe sale is under tbe control of tbe Court, and is not obligatory on tbe parties, until confirmed by tbe Chancellor. Previous to confirmation, it may be set aside, upon a proper case made, at tbe instance of either party. And not until it is confirmed, is tbe purchaser regarded as vested with a right to tbe property.”
Further be said: “Here tbe legal estate did not pass to tbe purchaser. On tbe contrary, by tbe express provisions of tbe law, tbe title is reserved in tbe State, until payment of tbe purchase money. It results from tbe foregoing principles^ tbat until after tbe period when tbe rent fell due, namely, 1st of January, 1850, tbe purchaser of tbe premises in question bad no vested right, either of property or possession therein — tbe confirmation of tbe sale being subsequent to tbat day; and consequently bad no right whatever to claim or receive tbe rent sued for in tbis action.”
*86 ¥e are satisfied with the rule as settled in that case, and following it, we affirm the decree of the Court below, with costs.